BEFORE THE SECOND DIVISION, JUNE 19, 1947

No. 51795.—Cahn Bros. & Ryder, Inc. v. United States, petition 6381–R (New Orleans).

LAWRENCE, Judge: This petition was filed pursuant to the provisions of section 489 of the Tariff Act of 1930 for remission of additional duties imposed by the collector of customs at the port of New Orleans on certain imported merchandise which was entered at said port at less than the final appraised value thereof. The case is now before us on rehearing, the petition having been originally denied in Cahn Bros. & Ryder, Inc. v. United States, 14 Cust. Ct. 234, Abstract 50115. The court there said in part:

The custom house broker who made entry in this case was called as a witness in support of the petition. She testified that this was the first entry she had made for this importer; that she submitted all of the papers to the examiner who informed her that there was an investigation in progress and he had no information. The

broker then notified the importer that the appraiser had no definite value and advised him to write his shipper in order to get all the information he could obtain from them. However, the importers informed her that they felt sure that the value stated in the invoice was correct because they had paid that amount. The broker filed an appeal to reappraisement which was afterwards abandoned by the attorney for the petitioner herein.

It may be noted that said customs broker made entry herein in her own name, and that the United States examiner who passed the merchandise testified that he was well-acquainted with her, and expressed the opinion that in the circumstances of this case there was no intent on her part to deceive anyone or to defraud the revenue.

At the rehearing, which was conducted by the writer of this opinion, the original record was supplemented by testimony of H. W. Woods, office manager of petitioner. He testified, in substance, that he delivered to the customs broker the invoice and other papers necessary to make entry; that the value of the merchandise was ascertained from the New York agents of the shippers, the price being calculated c. i. f. New Orleans; that he knew of no other value; that no evidence was withheld from the collector when the merchandise was entered; and that at no time did he intend to deceive the customs officials or defraud the revenue in connection with the entry.

Upon the entire record we are now satisfied that the entry of the merchandise at less than the final appraised value thereof was without any intention to defraud the revenue of the United States or to conceal the facts in the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted and judgment will be entered accordingly.